**Affirmed and Majority and Concurring Opinions filed May 4, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00454-CR

---

### MARTIN CRUZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1544565**

---

## CONCURRING OPINION

The majority is, of course, required to follow this court's recent opinion in *Hernandez-Faced v. State*, 661 S.W.3d 630 (Tex. App.—Houston [14th Dist.] 2023, pet. filed). Nevertheless, the majority views *Hernandez-Faced* as "erroneous" based on "little analysis." I disagree.

In *Hernandez-Faced*, we held:

> The plain language of the 2021 amendment establishes that appellant's reading of the amendment is incorrect. *See Bonds*, 503

S.W.3d at 624 ("To determine the collective intent of the Legislature, we look first to the literal text."). Based on the plain language of the amendment, the changes to article 42.15(a-1) retroactively applied only to fines, fees, and costs, not the hearing requirement. Accepting appellant's interpretation would lead to the absurd result that all prior judgments of conviction imposing fines, costs, or fees on a defendant without a hearing on the record would be subject to being declared invalid. If the Legislature intended such far-reaching effects, it could have included "hearings" in Section 5. Because it did not, we reject appellant's proffered interpretation.

*Id*. at 638–39. The reasoning in *Hernandez-Faced* is correct; the changes to article 42.15(a-1) only apply retroactively with respect to fines, fees, and costs. Just as this court stated in *Hernandez-Faced*, the majority's statutory interpretation in this case would lead to an absurd result. While the majority criticizes the length of the *Hernandez-Faced* analysis, sometimes less is more.

I concur in the majority's analysis as to the first issue and its conclusion that the judgment of the trial court should be affirmed, but I respectfully disagree with the majority's reasoning and analysis as to the second issue.


/s/     Randy Wilson
        Justice

Panel consists of Justices Spain, Poissant, and Wilson (Spain, J., majority)

Publish—Tex. R. App. P. 47.2(b).


2